# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 17cr2897 - WQH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RAQUEL REID (2), | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion for suppression of statements filed by Defendant Raquel Reid. (ECF No. 31-3).

## BACKGROUND FACTS

On December 15, 2015 at 6:00 A.M., four agents of the Federal Bureau of Investigation (FBI) arrived at the residence of Defendant Peter Doye to execute a search warrant for Doye's cell phone. The agents were dressed as FBI agents and armed with handguns. One agent carried a long gun.

A male named Reggie opened the door. Defendant Reid was inside the apartment in the bedroom with her seven year old daughter. The agents entered the apartment. The agents asked Reggie to call Reid from the bedroom. Reid came out of the bedroom talking on the phone. Reid told the agents that she was on the phone with Doye who was out of town. FBI Agent Cook asked Reid if she could speak with Doye. Reid agreed and handed the phone to Agent Cook. Agent Cook told Doye that the agents had a search warrant to search the apartment for his cell phone. Agent Cook advised

Doye not to alter his phone and discussed Doye's arrival back in San Diego. Reid expressed concern about her daughter who was still in the bedroom and then went into the kitchen with FBI Agent Schnese. Reid's daughter remained in the bedroom. Agent Schnese introduced herself to Reid and showed her identification to Reid. Reid prepared herself coffee.

After Agent Cook finished talking to Doye, she went to the kitchen where Agent Schnese and Reid were waiting. Agent Cook showed Reid her identification and stated "we have a search warrant to come into the house and ... seize Cash's phone." Exhibit A at 11.[1] Agent Cook gave a copy of the warrant to Reid. Agent Cook stated:

> we'd like to talk to you a little bit about . . . some of the activities and the properties involved in San Diego. Um, you're no obligation to talk to us, it's voluntary. Um, if you want to talk to us, you know, we'd certainly would like to ask you some questions and go over some documents. If you, um, you know, want to think about it we can give you - give you our contact number and you can call us back.

*Id.* at 11. Reid responded "Okay." Agent Cook stated, "So would you like to answer some questions or." Reid responded, "Yeah, Of course." Reid stated, "It's just at, like seven I need to feed my daughter." Agent Schnese responded, "Okay." Agent Cook stated, "Sure and ... what I'll do is I'll cover this so she doesn't get more freaked out" referring to her firearm. *Id.*

Agent Cook explained that the FBI had a criminal investigation involved Doye and some properties and that law enforcement had learned that Reid had notarized some documents. After a few questions and answers, Agent Cook stated "So let me explain to you. As we go through the questions and this is a voluntary interview, but I need to make sure that I admonish you that it is a violation of federal law to lie to us. So just to make sure that you're aware of that." Reid responded, "Yea." *Id.* at 14. Reid continued to answer questions and remained calm throughout the interview. The interview lasted over an hour. At the end of the interview, Reid indicated that she

---

[1] On November 1, 2018, the Court held an evidentiary hearing. Agent Schnese testified and the transcript of the recording device on Agent Cook was introduced as Exhibit A.

wanted to take some cereal to her daughter and the agent responded "absolutely." *Id.* at 45. Reid did not testify at the hearing but states in a declaration that "I was terrified by the presence of the agents at no time did I feel I had a choice in speaking with the agents." (ECF No. 36 at 2).

On September 19, 2017, Doye and Reid were charged in a twelve count indictment with conspiracy to commit wire fraud (Count 1), wire fraud (Counts 2 through 6), mail fraud (Counts 7 through 9), and aggravated identity theft (Counts 10 and 11). Defendant Reid was also charged with false statement to a federal officer (Count 12).

## RULING OF THE COURT

Defendant Reid moves to suppress statements made to FBI agents on December 15, 2015 on the ground that her statements were not made voluntarily. Reid contends that she cooperated with agents out of fear that agents could cause further separation from her daughter. Reid asserts that she feared for the well-being and safety of her daughter. The Government contends that the totality of the circumstances supports the conclusion that Reid was not in custody at any point during the interview and that there are no facts to support her claim that the interview was not voluntary

"In evaluating voluntariness, the test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir. 2002)(internal quotations omitted). In this case, the agents informed Reid that the interview was voluntary and offered to conduct the interview at a later time. The evidence conclusively shows that the demeanor of the agents and Reid remained calm throughout the interview. There is no evidence that voices were raised, that the agents pressured Reid, or that threats or false promises of any kind were made by the agents. The transcript clearly indicates that Reid voluntarily answered the questions of the agents with no intimidation or coercion. There are no statements from the recorded interview to support Reid's

assertion that she feared for the well-being and safety of her daughter or that she feared that the agents would separate her from her daughter. There are no facts before this Court to support the conclusion that the Reid's will was overborne by intimidation, coercion, or deception. Based upon this record, considering the totality of the circumstances, the Court concludes that the Government has carried its burden to establish by a preponderance of the evidence that Reid's statements were the voluntary.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. Amend. V. Before any interrogation that occurs in a custodial setting, a suspect must be advised of his or her Fifth Amendment rights as required by *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). To determine whether a suspect is in custody, the court examines the totality of the circumstances surrounding the questioning. *See Thompson v. Keohane*, 516 U.S. 99, 112 (1995). In *United States v. Craighead*, 539 F.3d 1073, 1083(9th Cir. 2008), the Court of Appeals held that the "benchmark for custodial interrogations in locations outside of the police station" is whether or not the interrogation occurred in a "police-dominated atmosphere." *Id*. The Court of Appeals identified the following four relevant factors to determine whether the circumstances of the interrogation effected a police-dominated atmosphere: "(1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point restrained, either by physical force or by threats; (3) whether the suspect was isolated from others; and (4) whether the suspect was informed that he was free to leave or terminate the interview, and the context in which any such statements were made." *Id.* at 1084.

In this case, there were four armed agents who came to the residence to execute a search warrant for a cell phone. There is no evidence that the agents drew their weapons at any point. There is evidence that the agents covered their weapons from the sight of Reid's daughter. After concluding that the cell phone was not in the residence, the agents did not search the residence. However, the agents did ask Reid if she would voluntarily answer questions about their criminal investigation into Doye and properties

and offered to do the interview at a later time. Agent Cook asked Reid if she would like to answer some questions and Reid stated, "Of course." Exhibit A at 11. The interview was recorded and lasted over an hour. There is no indication that a police dominated atmosphere pressured Reid to answer questions or that Reid acted under any duress. The Court concludes that the totality of the circumstances established conclusively that Reid was not in custody and that Reid made voluntary statements.

IT IS HEREBY ORDERED that the motion for suppression of statements filed by Defendant Raquel Reid (ECF No. 31-3) is denied.

DATED: November 2, 2018

**WILLIAM Q. HAYES**
United States District Judge