UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAQUEL REID (2),<br><br>　　　　　　　　　　Defendant. | Case No.: 17-cr-2897-WQH<br><br>**ORDER** |

HAYES, Judge,

　　The Matter before the Court is the Sentence Reduction Request under Amendment 821 ("Sentence Reduction Request"), filed by Defendant Raquel Reid. (ECF No. 196.)

### BACKGROUND

　　On September 19, 2017, a twelve-count Indictment was filed against Reid and co-Defendant Peter Cash Doye. (ECF No. 1.) The Indictment charged Reid with Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 5); Mail Fraud, in violation of 18 U.S.C. § 1341, (Counts 8 and 9); Aggravated Identity Theft, in violation of 18 U.S.C § 1028A (Counts 10 and 11), and False Statement to a Federal Officer, in violation of 18 U.S.C. § 1001(a)(2) (Count 12).

　　On November 20, 2018, a jury found Reid and Doye guilty to all counts in which they were named. (ECF No. 92.)

On April 9, 2019, Reid was sentenced to the custody of the Bureau of Prisons for a total term of 41 months, followed by a total term of three years of supervised release, and Reid was ordered to pay restitution of $43,832,901 to ten victims. (ECF No. 149; *see also* ECF No. 157 (Judgment).)

Reid began her supervision on January 19, 2022, and her term of supervised release is set to expire on January 18, 2025. (ECF No. 204 at 2.)

On April 19, 2024, Reid, proceeding pro se, filed the pending Sentence Reduction Request. (ECF No. 196.) Reid requests that the Court "consider[] a sentence reduction in light of Amendment 821" to the U.S. Sentencing Guidelines. *Id*. at 1. Reid states that "a reassessment under the Amendment's guidelines could deem me eligible for such a reduction, considering my lack of prior criminal history, adherence to probation conditions, and ongoing efforts towards restitution." *Id*.

On April 23, 2024, the Court referred Reid's Sentence Reduction Request to the Federal Defenders pursuant to General Order 755. (ECF No. 197.)

On May 9, 2024, Federal Defenders filed a Status Report stating that, "[a]fter review of the relevant records in the defendant's case, [Federal Defenders] concludes the Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 199 at 1.)

On May 13, 2024, the Court issued an Order relieving Federal Defenders from further representation of Reid in this case and setting a briefing schedule for the Sentence Reduction Request. (ECF No. 200.)

On June 14, 2024, the Government filed a Response in opposition to the Sentence Reduction Request. (ECF No. 204.)

On July 2, 2024, Reid filed a Reply to the Government's Response. (ECF No. 205.)

## RULING OF THE COURT

Because Reid has served her custodial sentence, the Court construes her Sentence Reduction Request to be a request to reduce the remaining aspects of the Judgment, i.e., the term of supervised release and the order of restitution.

Reid's Sentence Reduction Request relies primarily upon Amendment 821 to the Sentencing Guidelines, which took effect November 1, 2023 (after Reid had been released from custody), and applies retroactively. As relevant to Reid, Amendment 821 provides a two-level reduction in the offense level for certain "zero-point offenders," i.e., defendants with no criminal history whose offenses meet the guideline's criteria. *See* U.S.S.G. § 4C1.1(a). Among the criteria necessary for qualifying as a zero-point offender is that "the defendant did not personally cause substantial financial hardship." U.S.S.G. § 4C1.1(a)(6). Reid was found guilty by a jury for various fraud allegations and was ordered to pay a total of over $43 million dollars in restitution to ten victims. Had Amendment 821 been in effect at the time of Reid's sentencing, it is likely that she would not have qualified as a zero-point offender because it is likely that the Court would have found that the evidence at trial showed that she "personally cause[d] substantial financial hardship." U.S.S.G. § 4C1.1(a)(6).

Moreover, even had Amendment 821 been in effect at the time of sentencing and even had Reid qualified as a zero-point offender and the Court applied the resulting two-level reduction to her total offense level, Reid's adjusted total offense level would have been 24, with a guideline range of 51-63 months. Because the Court's custodial sentence of 41 months was lower than the adjusted guideline range, Reid would not have been eligible for a sentence reduction even if Amendment 821 become effective prior to Reid's release from custody and Reid qualified as a zero-point offender. *See* U.S.S.G. § 1B1.10(b)(2)(A). Nonetheless, the Court will consider whether to reduce Reid's term of supervised release and/or restitution in light of Amendment 821 and the other factors raised in Reid's Sentence Reduction Request, *see* ECF No. 205 at 1-2 (referencing Reid's "exceptional behavior and commitment to rehabilitation by consistently engaging in employment and comprehensive self-improvement programs both during and after incarceration," and her "consistently me[eeting] the $350 monthly restitution requirement").

After considering the relevant factors under 18 U.S.C. 3553(a), a court may terminate a defendant's term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the nature and characteristics of the defendant, *see* § 3553(a)(1); (2) the need for the sentence imposed to provide adequate deterrence, *see* § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes by the defendant, *see* § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment, *see* § 3553(a)(2)(D); (5) the kind of sentence and the sentencing range established for the offense in the Sentencing Guidelines, *see* § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission, *see* § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, *see* § 3553(a)(6); and (8) the need to provide restitution to any victims, *see* § 3553(a)(7). A defendant has the burden of demonstrating that early termination of supervised release is warranted. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The Court finds that Reid's compliance with the terms of supervision, employment, monthly restitution payments, and completion of self-improvement programs—although commendable—are insufficient to warrant early termination of supervised release. When sentencing Reid, the Court imposed a below-guideline custodial sentence in part because that sentence would be followed by a three-year term of supervised release and accompanied by an order of restitution to the victims of the conspiracy of which Reid was a member. The Court finds that the previously ordered term of supervised release and order of restitution is sufficient, but not greater than necessary, in light of "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1), (a)(2)(B),

(a)(2)(C), (a)(6), (a)(7). With respect to the order of restitution, which was mandatory in this case, *see* 18 U.S.C. § 3663A(a)(1), Reid has failed to show that any changed circumstances warrant a reduction in the overall amount of restitution or minimum restitution payments, *see, e.g.*, 18 U.S.C. § 3664(j)(2) (providing that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in … any Federal civil proceeding; and … any State civil proceeding…"). The Court finds that Reid has failed to show that early termination of supervised release or reduction in the restitution amount is warranted by Reid's conduct and/or the interest of justice. *See* 18 U.S.C. § 3583(e)(1).

## CONCLUSION

IT IS HEREBY ORDERED that the Sentence Reduction Request under Amendment 821 is denied. (ECF No. 196.)

Dated: October 11, 2024

*[signature]*
Hon. William Q. Hayes
United States District Court